IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCOS ALONZO ZEA,

      Petitioner,

      v.                                                    CASE NO. 22-3110-JWL

D. HUDSON, Warden,
USP-Leavenworth,

      Respondent.

## ORDER

      Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"), proceeds *pro se*. Petitioner challenges his security classification at USPL. Petitioner claims that the Bureau of Prisons ("BOP") has imposed a Greater Security Management Variable "without reasons" and that he meets the requirements to have it removed. (Doc. 1, at 2.) Petitioner claims that the management variable places him at a higher security level which places him at a medium security facility instead of a camp. *Id*. at 6–7. Petitioner asks the Court to order the BOP to remove the management variable and to place Petitioner in the correct security level. *Id*. at 8.

      To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See*

*McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In *United States v. Garcia*, the appellants did not seek release from BOP custody, but rather both sought a court order directing the BOP to transfer them to detention facilities located closer to their families. *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006). The Tenth Circuit held that where appellants were in lawful custody of the BOP and sought "a change in the place of confinement rather than a shortened period of custody[,]" their challenges must be brought in a *Bivens* action. *Id*. at 1003; *see also Palma-Salazar*, 677 F.3d at 1035 (noting that Palma-Salazar did not challenge the BOP's underlying authority to hold him in custody, but rather he challenged his placement within the federal prison system); *see also Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (unpublished) (finding claim that transfer was in retaliation for role in class action lawsuit was not properly brought in a § 2241 habeas proceeding because it challenges the conditions of confinement rather than the duration of custody).

In the present case, Petitioner does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims that his security classification should be lowered. Accordingly, he may not challenge his classification in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Requena v. Roberts*, 552 F. App'x. 853, 856 (10th Cir. April 7, 2014) (unpublished) (remanding to district court to determine whether petitioner had adequately alleged civil rights claims).

Petitioner should disregard the Notice of Deficiency (Doc. 3) regarding the filing fee for a habeas action. The filing fee for a *Bivens* action is $402.00.[1] Because Petitioner has not filed a motion for leave to proceed *in forma pauperis*, the Court cannot determine whether Petitioner would qualify for *in forma pauperis* status in a *Bivens* action, and what, if any, initial partial filing fee he might owe if such status is granted. Even if Petitioner is entitled to proceed *in forma pauperis,* he would remain obligated to pay the full $350.00 filing fee, but would be allowed to do so through payments automatically deducted from his institutional account. The Court offers no opinion on the merits of such an action.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **June 30, 2022,** to advise the Court whether he intends to proceed in this matter under *Bivens*. If so, he must file his complaint on court-approved forms. *See* D. Kan. Rule 9.1(a). If Petitioner fails to file a response, this matter will be dismissed.

The clerk is directed to send Petitioner forms for filing a *Bivens* action under 28 U.S.C. § 1331 and forms for filing a motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

**Dated June 6, 2022, in Kansas City, Kansas.**

                              **S/ John W. Lungstrum**
                              **JOHN W. LUNGSTRUM**
                              **U. S. DISTRICT JUDGE**

---

[1] If a person is not granted *in forma pauperis* status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.